UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISABLED PATRIOTS OF AMERICA,
INC., a Florida Not for Profit Corporation,

    Plaintiff,

vs.                                                  Case No.

VSK EXPRESS LLC, a Florida Limited
Liability Company,

    Defendant.
_____/

## COMPLAINT

Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., a Florida Not for Profit Corporation, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, VSK Express LLC, a Florida Limited Liability, (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq.* ("ADA").

    1.    Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a not for profit Corporation formed under the laws of the State of Florida. DISABLED PATRIOTS OF AMERICA, INC. maintains its principal office at Fenwick, MI, in the County of Montcalm.

    2.    Defendant's property, Comfort Inn & Suites, is located at 400 E. International Speedway Blvd., DeLand, FL 32724, in the County of Volusia.

    3.    Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq*. *See also*, 28 USC § 2201 and § 2202.

5. Plaintiff, DISABLED PATRIOTS OF AMERICA, INC., is a non-profit Florida corporation. Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. DISABLED PATRIOTS OF AMERICA, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. DISABLED PATRIOTS OF AMERICA, INC. has also been discriminated against because of its association with its disabled members and their claims.

6. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Betancourt is a double amputee who uses either prosthetic devises or a wheelchair for mobility. Mr. Betancourt is a member of the Plaintiff's organization, DISABLED PATRIOTS OF AMERICA, INC., discussed above in paragraph 5.

7. Mr. Betancourt regularly drives to South Florida from Michigan, where he resides. While driving from Michigan to South Florida, Mr. Betancourt often stops in DeLand,

FL along his route to South Florida, to visit his cousin who lives nearby, and also to enjoy the charm of the City of DeLand.

8. Mr. Betancourt stayed as a hotel guest at the subject hotel, on July 2 - 3, 2021, and he intends to return to the subject hotel if the hotel is made accessible for his use, on April 8, 2022, pursuant to a confirmed reservation, to avail himself of the goods and services at the property and to confirm that the property is brought into compliance with the ADA. He also intends to continue coming to DeLand, FL as resting stop on his regular trips to South Florida.

9. The barriers to access the subject property have endangered his safety.

10. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Comfort Inn & Suites, and is located at 400 E. International Speedway Boulevard, DeLand, FL 32724.

11. DISABLED PATRIOTS OF AMERICA, INC. and Rudolph Betancourt have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 13 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Mr. Betancourt desires to visit the Comfort Inn not only to avail himself of the goods and services available at the property but to assure himself that the property is in compliance with the ADA so that he and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff, and the members of the corporate Plaintiff organization, by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182, et seq..

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of Comfort Inn has shown that violations exist. These violations which Rudolph Betancourt personally encountered or observed, include, but are not limited to:

### Accessible Route

A. There is no marked access aisle at the passenger loading zone making it difficult for the plaintiff to utilize, in violation of Section 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

B. There is no island cut through at the loading zone as required making it difficult for the plaintiff to traverse, in violation of Section 406.7 in the 2010 ADA Standards, whose resolution is readily achievable.

### Entrances

A. The main lobby entrance does not provide the international symbol of accessibility making it difficult for the plaintiff to identify the accessible entrance, in violation of Section 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

### Pool Area

A. The tables in the pool area do not provide compliant knee and toe clearance as required making it difficult for the plaintiff to utilize, in violation of Sections 306.2 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

B.     The accessible route to the pool lift does not provide a walking surface at least 36 inches wide minimum due to the obstruction of the potted plant making it difficult for the plaintiff to utilize, in violation of Section 403.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

C.     The swimming pool has a fixed shower head and control mechanism that exceeds the maximum height allowance of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to use, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

D.     The trash receptacle is obstructing the clear floor space for an approach to the swimming pool shower making it difficult for the plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

### Parking

A.     There is no marked access aisle at the passenger loading zone making it difficult for the plaintiff to utilize, in violation of Section 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Public Men's Restroom

A.     The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser making it difficult for the plaintiff to utilize, in violation of Sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

B.     The toilet paper and the vertical side wall grab bar are obstructing the 12 inches of spacing above the side wall grab bar making it difficult for the plaintiff to utilize, in violation of Section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

C.     The trash receptacle is obstructing the 18 inches of maneuvering latch side clearance making it difficult for the plaintiff to utilize the bathroom door, in violation of Section 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable.

### Guest Room 205

A.     The pull door does not provide 18 inches of latch side maneuvering clearance as required making it difficult for the plaintiff to utilize, in violation of Section 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable.

B. The chair is obstructing the clear floor space for an approach to the lamps operable mechanism making it difficult for the plaintiff to utilize, in violation of Sections 305.3, 305.5, and 305.6 in the 2010 ADA Standards, whose resolution is readily achievable.

C. The iron and shelving exceed the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of Sections 308.2.1, 308.3.1, and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

D. The curtain rod exceeds the maximum height allowance of 48 inches above the finish floor and requires tight grasping to operate making it difficult for the plaintiff to utilize, in violation of Sections 308.2.2, 308.3.2, 309.3, and 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

E. The plaintiff had to utilize caution when using the lavatory due to the drainpipe and water lines being exposed, in violation of Sections 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

F. The lavatory is obstructing the 60 inches of perpendicular clearance from the side wall around the water closet making it difficult for the plaintiff to utilize, in violation of Section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

G. The trash receptacle obstructing the toe clearance an clear floor space for an approach to the lavatory making it difficult for the plaintiff to utilize, in violation of Sections 305.3, 305.5, and 308.2 in the 2010 ADA Standards, whose resolution is readily achievable.

H. The side wall grab bar is not 42 inches minimum length and does not extend 54 inches minimum from the rear wall making it difficult for the plaintiff to utilize, in violation of Section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

I. The toilet paper dispenser is not in the compliant location 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser making it difficult for the plaintiff to use, in violation of Section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

J. The plaintiff had difficulty utilizing the rub due to the tub not providing a seat capable of secure placement, in violation of Section 610.2 in the 2010 ADA Standards, whose resolution is readily achievable.

K. The adjustable-height shower head on the vertical bar exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to use, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

L. The control end wall grab bar is missing making it difficult for the plaintiff to utilize the bathtub, in violation of Section 607.4.2.2 in the 2010 ADA Standards, whose resolution is readily achievable.

M. The head end wall grab bar is missing making it difficult for the plaintiff to utilize the bathtub, in violation of Section 607.4.2.3 in the 2010 ADA Standards, whose resolution is readily achievable.

N. The bathtub's bottom back wall grab bar is not in the compliant location 8 inches minimum and 10 inches maximum above the rim of the bathtub and the top wall grab bar 33 inches minimum and 36 inches maximum above the bathtub floor as required making it difficult for the plaintiff to use, in violation of Section 607.4.1.1 in the 2010 ADA Standards, whose resolution is readily achievable.

O. The shower spray unit does not provide an on/off control with a non-positive shut-off as required making it difficult for the plaintiff to operate, in violation of Section 607.6 in the 2010 ADA Standards, whose resolution is readily achievable.

P. The controls in the bathtub are not in the compliant location as required making it difficult for the plaintiff to utilize, in violation of Section 607.5 in the 2010 ADA Standards, whose resolution is readily achievable.

Q. The towels hanging on the side wall grab bar are obstructing the 12 inches of spacing above the grab bar making it difficult for the plaintiff to utilize, in violation of Section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

R. The curtain rods exceed the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of Section 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**Lack of Complaint Disabled Rooms Properly Disbursed**

A. The subject hotel lacks the required number of complaint disabled rooms, and the disabled rooms are not dispersed amongst the various classes of guest rooms, in violation of Section 224.5 of the 2010 ADAAG.

7

**Maintenance**

  A. The Accessible features of the facility are not maintained, creating barriers to access for Rudolph Betancourt, as set forth herein, in violation of 28 CFR 36.211.

14. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

15. The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, members of the Plaintiff group, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff, members of the Plaintiff group and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16. Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181, *et seq.,* and 28 CFR 36.302, *et seq.* Furthermore, the Defendant continues to

discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

18. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21.     Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Comfort Inn & Suites, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

> A.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq*.
>
> B.     Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or

    otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC §12205.

D. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

E. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

        Respectfully submitted,

        /s/John P. Fuller
        John P. Fuller, Esq., FL Bar No. 0276847
        FULLER, FULLER & ASSOCIATES, P.A.
        12000 Biscayne Blvd., Suite 502
        North Miami, FL 33181
        (305) 891-5199
        (305) 893-9505 - Facsimile
        jfuller@fullerfuller.com

        *Counsel for Plaintiff*
        *Disabled Patriots of America, Inc.*